PRATT and others *vs.* WELLS.

It is a general rule that if a creditor has an adequate remedy at law, so that he can hold his debtor to bail, by suit at law, he is not entitled to a writ of *ne exeat* from a court of equity.

The application for a *ne exeat* is addressed to the discretion of the court; and if there is any exception to the rule that the writ will not be issued when the plaintiff has a right of action at law, such exception must be founded upon some difficulty in proceeding at law.

Even where a court of equity has the power to grant the writ of *ne exeat*, it will be very cautious in the exercise of such power.

The fact that there has been a previous holding to bail at law, from which the defendant has been discharged, is a fatal objection to an application for the writ.

IN EQUITY. This was a motion to discharge a *ne exeat* upon which the defendant had been arrested and held to bail. The motion was founded upon the bill, and upon an affidavit of the defendant's counsel. The bill stated that in August, 1847, the defendant fraudulently obtained from the plaintiffs, who are comb manufacturers in the state of Connecticut, goods to the amount of about $1800, which were immediately sold by him for a less price than he had agreed to pay for them; that he had disposed of all his property, and was about to leave the state; having taken his passage to Florida; that the credit upon which the plaintiffs sold the goods had not yet expired, but the plaintiffs insisted that having been induced to sell the goods by false representations, they have a right to treat the debt as due. The bill prayed that the defendant might " be decreed to pay the plaintiffs such sum as might be found due on a just accounting between them," but did not contain a prayer for general relief.

The affidavit read upon the motion, showed that before the filing of the bill, the defendant had been arrested at the suit of the plaintiffs for the same matter set forth in the bill, in an action of trover, and that he had been discharged from such arrest by an order granted by one of the justices of this court.

Pratt *v.* Wells.

*R. Goodman,* for the defendant.

*J. L. White,* for the plaintiffs.

Harris, J.   It is not necessary to decide, upon this motion, whether or not the suit in this court can be maintained.   It is certain that if it can be maintained at all, the action at law can also be maintained.   And I understand the general rule to be that if a creditor has an adequate remedy at law, so that he can hold his debtor to bail by a suit at law, he is not entitled to a writ of *ne exeat* from a court of equity.   The application for the writ is addressed to the discretion of the court; and if there is any exception to the rule that it will not be issued when the plaintiff has a right of action at law, such exception must be founded upon some difficulty in proceeding at law.   It is upon this ground that in some instances the writ has been granted upon bills filed for an account, or for alimony.   In such cases, although the defendant might perhaps be arrested in an action at law, yet from the nature of the case, the proceedings in such an action would be difficult, and for that reason are more properly the subject of equitable cognizance.

But even where it has the power to grant this writ, a court of equity will be very cautious in its exercise.   In *Jenkins* v. *Parkinson,* (2 *Mylne & Keen,* 5,) Lord Brougham said, " the writ is strictly confined to cases where the party has no remedy at law, unless in the excepted cases of a decree obtained for alimony, and a balance sworn to upon an account.   All the authorities are against stretching this exception."   And in *Raymes* v. *Wyse,* (2 *Merivale,* 472,) which was a case very similar to this, Lord Eldon held that the fact that there had been a previous holding to bail at law, from which the defendant had been discharged, was a fatal objection to an application for a *ne exeat.*

The motion must therefore be granted, but without costs.